# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jackie Peters**<br>**465 Country Oaks Drive**<br>**Plant City, FL 33565**<br><br>　　　　**Plaintiff,**<br>　　v.<br><br>**Joseph, Mann & Creed**<br>**8948 Canyon Falls Blvd, Suite 200**<br>**Twinsburg, OH 44087**<br><br>and<br><br>**JOHN AND JANE DOES 1-10**<br><br>　　　　**Defendants.** | **CASE NO.:** _____<br><br>**JUDGE**<br><br>**COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors is hereby Demanded** |

Here comes Plaintiff Jackie Peters, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant Joseph, Mann & Creed (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICTION

1.　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.　Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Jackie Peters (hereafter "Plaintiff"), is an adult individual whose residence is in Plant City, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Joseph, Mann & Creed ("JMC"), is an Ohio business entity with an address of 8948 Canyon Falls Boulevard, Suite 200, Twinsburg, Ohio 44087, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for JMC, but whose names are unknown.  The Complaint will be amended to add their names when they are determined through discovery.

7. JMC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to JMC for collection, or JMC was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. JMC Engages in Harassment and Abusive Tactics

12. On or about June 10, 2019, JMC contacted Plaintiff in an attempt to collect the Debt.

13. JMC refused to provide Plaintiff with the name of the collection agency and further failed to disclose to Plaintiff that the call was from a debt collector in an attempt to collect a debt.

14. JMC's actions caused Plaintiff a significant amount of frustration and anxiety.

### C. Plaintiff Suffered Actual Damages

15. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I

### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19. Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

20. Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22. Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

23. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff; and
5. Such other and further relief as this Court may determine to be just and proper.

Dated: September 18, 2019

                                                    Respectfully submitted,

                                                    By:  /s/ *Sergei Lemberg*

                                                    Sergei Lemberg, Esq.
                                                    LEMBERG LAW, L.L.C.
                                                    43 Danbury Road, 3rd Floor
                                                    Wilton, CT 06897
                                                    Telephone: (203) 653-2250
                                                    Facsimile:  (203) 653-3424
                                                    Email: slemberg@lemberglaw.com
                                                    Attorneys for Plaintiff:
                                                    Jackie Peters

## **JURY DEMAND**

    Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                                                          /s/ *Sergei Lemberg*
                                                       Sergei Lemberg, Esq.